NO. 07-00-0577-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2001

_____

JOHN EDWARD MAPP, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;

NO. 847,675; HON. MICHAEL ANDERSON, PRESIDING

_____

Before QUINN, REAVIS, AND JOHNSON, J.J.

John Edward Mapp, Jr., appellant, appeals his conviction for failing to register as a sex offender. His sole point of error concerns the legal and factual sufficiency of the evidence underlying the jury's verdict of guilty. We affirm the judgment.

### Standard of Review

The applicable standards of review are well known and need not be reiterated. It is enough to cite the litigants to *Clewis v. State*, 922 S. W.2d 126 (Tex. Crim. App.1996)

and *King v. State,* 895 S.W.2d 701 (Tex. Crim. App.1995) for a discussion of same. Next, the indictment obtained by the State and accusing appellant of criminal conduct read:

> [O]n or about May 31, 2000, did then and there and unlawfully while a person required to register under the Offender Registration Program, Chapter 62, Texas Code of Criminal Procedure, intentionally and knowingly fail to comply with said program, to-wit, after having a reportable Conviction for the offense of Sexual Assault of a Child on March 18, 1997, did fail to report in person to and provide the local law enforcement authority, namely the City of Houston Police Department, of an intended change of his address with his anticipated move date and the new address prior to the seventh day before the intended change.

### Application of Standard

Statute provides that:

> [i]f [a sex offender] required to register intends to change address . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority with whom the person last registered . . . and provide the authority and the person's anticipated move date and new address . . . .

TEX. CODE CRIM. PROC. ANN. art. 62.04(a) (Vernon Pamphlet 2001). It is undisputed that appellant was a person required to comply with art. 62.04(a) of the Code of Criminal Procedure. Furthermore, evidence appears of record disclosing that appellant knew of his duty to comply with the statute and initially informed the authorities that his address was 978 Lucky. This was the home of his sister, with whom he allegedly resided after leaving prison. That he so resided there was re-confirmed by him in April of 2000. However, appearing of record is testimony of a police officer with the Houston Police Department disclosing that, during April and May of 2000, she attempted to contact appellant at the address on six occasions, without success. Other evidence disclosed that 1) appellant's sister moved from the locale, 2) a third-party moved into the abode located at 978 Lucky

2

in February 2000, 3) according to this new tenant, appellant had not resided there since she moved in, 4) this new tenant also disclaimed knowing appellant, 5) appellant had not lived with his sister for over 70 days, and 6) appellant, after discovering that a warrant had been issued for his arrest, contacted law enforcement officials in the Summer of 2000 and provided them with a new address.

The foregoing constitutes some evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant intentionally and knowingly failed to register as required by art. 62.04(a) of the Code of Criminal Procedure. And, though other evidence contradicted that mentioned above, including appellant's own testimony that he continued to reside at 978 Lucky though he also stayed with his girlfriend at another locale, the contradictory evidence merely created questions of fact for the jury to decide. It did not render the jury's verdict clearly wrong or manifestly unjust.

Accordingly, we overrule appellant's contentions and affirm the judgment.

Brian Quinn
Justice

Do Not Publish.